[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT 
The plaintiff has commenced the present zoning enforcement action against the defendant Smith, owner of real estate at 161 Meadowside Road, Milford, Connecticut, and the defendant Yaps, the occupant of said premises.
The plaintiff has alleged that on or about September 9, 1997, the CT Page 147 defendants had parked or allowed to be parked on the premises a school bus converted to camper use in violation of § 3.1.3.8 of the City of Milford Zoning Regulations. The plaintiff further alleges that he issued an order to the plaintiffs to remove the converted school bus, and that despite that order in his official capacity as Assistant City Planner, the defendants have not complied with said order, nor have the defendants appealed said order.
The defendants have asserted by way of special defense that the defendant Yaps has appealed the plaintiff's order, and that they are presently in compliance with zoning regulations as the converted school bus is solely used as a camper. It is acknowledged by the defendants by way of special defense, that the school bus-camper had been used in the past as a camper and an American Indian artifact "museum." As the "museum" was a non-recreational use of the converted school bus-camper, the defendants acknowledge that this part-time use was illegal and a violation of the zoning rules at the time of the original "cease and desist" order issued by the plaintiff.
The defendants currently allege that they have complied with the order of the plaintiff as to any commercial use of the converted school bus, and it is only used as a recreational camper vehicle. The school bus-camper is registered with the State of Connecticut Department of Motor Vehicles as a recreational camper according to the defendants.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. ew Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99
(1994).
A review of the plaintiff's Amended Complaint, consisting of nine paragraphs, reveals that the plaintiff has alleged that the defendants had parked a school bus converted to camper use on the premises in violation of § 3.1.5.3 of the City of Milford Zoning Regulations. A copy of the plaintiff's "Cease and Desist Order" attached to the plaintiff's Amended CT Page 148 Complaint specifies that the vehicle is a "commercial vehicle." The court's review of these documents does not uncover any reference to the use of the disputed vehicle as a "museum" or "American Indian Artifact display". The court's review of the original complaint, dated August 3, 1998, however, does reveal that the plaintiff originally alleged that defendant, Yaps, did appeal the original order of the plaintiff. This allegation was amended in the Amended Complaint dated September 2, 1998 to read that the defendants had not appealed plaintiff's order. Thus, this matter is factually in dispute.
Whether or not the defendants appealed the plaintiff's original "cease and desist order" dated March 18, 1998 is important as the plaintiff in moving for summary judgment, argues that the defendants have failed to exhaust their administrative remedies. As stated herein, the court's function is not to decide "issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, supra,206 Conn. 500. That burden is on the moving party to demonstrate the absence of genuine issues of material fact. Hertz Corp. v. Federal Ins.Co., supra, 245 Conn. 381. The court finds that whether the defendants did appeal the plaintiff's order is a genuine issue of material fact.
The plaintiff alleges a violation of § 3.1.5.3 of the zoning regulations which states that a "prohibited use" is the storing of commercial-type vehicles on residential property except as permitted in § 3.1.3.8 of the same zoning regulations. Section 3.1.3.8 states as follows:
 "Except on a regularly operated farm as defined herein, there shall not be more than one commercial type vehicle garaged and it shall not exceed 34 ton capacity."
Section 3.1.3.9 of the zoning regulations permits a camp trailer and states:
 "One camp trailer, as defined herein, except that no occupancy of such vehicle shall be permitted while located in any front yard, not within six feet of any lot line."
The plaintiff argues that the converted school bus-camper is a commercial vehicle, as it has been used or in the alternative, may still be used as a vehicular "rolling museum".
The defendants argue that they have complied with the plaintiff's order in that the school bus-camper is no longer used as a museum, and is only CT Page 149 used as a recreational camper.
These are differences in material issues of fact which will make a difference in the case. Suarez v. Dickmont Plastics Corp., supra,229 Conn. 99.
The plaintiff, among other remedies, is seeking injunctive relief and an order allowing him the right to make periodic inspections of the defendants' property. Given the inconsistent pleadings of the plaintiff regarding the appeal of the defendants or a lack of an appeal; the fact that the plaintiff, himself, alleges that the commercial school bus has been converted to a camper by the defendants; and the lack of any allegations in the Amended Complaint as to a "museum" the court cannot say that there are no genuine issues of material fact.
Accordingly, the motion for summary judgment filed by the plaintiff is hereby denied.
THE COURT
by ARNOLD, J.